BARRETT J. DIXON, Plaintiff-Appellant, *v.* ARTHUR F. QUERN, Director, Department of Public Aid, *et al.*, Defendants-Appellees.

Fourth District   No. 15234

Opinion filed April 16, 1979.

George Bell of Land of Lincoln Legal Assistance Foundation, Inc., of Champaign, for appellant.

William J. Scott, Attorney General, of Chicago (Paul Bargiel and Imelda R. Terrazini, Assistant Attorneys General, of counsel), for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This is an action under the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*) to review a decision of the Illinois Department of Public Aid (Department). The Department denied the plaintiff's application for assistance benefits under the Aid to Families

with Dependent Children—Unemployed Father Program (AFDC-U) because the plaintiff was self-employed. The circuit court affirmed the Department's decision and the plaintiff appealed. On appeal, the plaintiff argues that the Department's policy is invalid since it denied AFDC-U benefits to the plaintiff's family solely because he was self-employed.

The record reveals that on January 19, 1978, the plaintiff, Barrett J. Dixon, filed with the Champaign County office of the Illinois Department of Public Aid a written application for assistance benefits under the AFDC-U on behalf of himself, his wife, and their four minor children. In that application, the plaintiff stated that although he had been self-employed for 5 years, his family was then without any income and that the lack of support was primarily caused by the breakdown of his truck, refrigerator, and freezer used in his self-employment. In addition, he stated that he had been without work for more than 30 days and that he had earned $50 or more during the last 6 of the 16 consecutive calendar quarters immediately preceding the calendar quarter in which he applied for AFDC-U.

The plaintiff's application was denied the same day by the Champaign County office solely because the plaintiff was in "self-employed" status and therefore did not come within the defendant Department's definition of unemployment.

The plaintiff filed a written notice of appeal and the appeal was thereafter heard before a Department hearing officer. The director of the Department subsequently issued a final administrative decision which affirmed the denial of assistance on the grounds that the plaintiff was "self-employed" and therefore did not come within the Department's definition of unemployment of the father.

The plaintiff subsequently filed a complaint for administrative review in the circuit court. After arguments were heard, the trial court issued a judgment in which it affirmed the final administrative decision of the defendants. In that order, the trial court took judicial notice of the fact that self-employed individuals are not eligible for unemployment compensation benefits in Illinois. Accordingly, the trial court concluded that the defendants had the option to exclude self-employed fathers from their definition of "unemployed fathers."

The AFDC program originated with the Social Security Act of 1935, and this program provided aid for families with dependent children where such children were deprived of parental support because a parent was absent from the home, incapacitated, or dead, and the children were living with either their natural parents or with certain specified relatives. (42 U.S.C. §606 (1976).) In 1961, Congress extended the AFDC program to include children deprived of parental support or care by reason of the unemployment of a parent, as defined by the State. (42 U.S.C. §607

(1976).) In 1968, however, the Congress amended section 607 to remove the State's authority to define what constituted unemployment. That section, as amended, presently provides that the term "dependent child" shall include a child "* * * who has been deprived of parental support or care by reason of the unemployment (as determined in accordance with standards prescribed by the Secretary) of his father * * *." 42 U.S.C. §607(a) (1976).

Illinois has elected to participate in the Federal Aid to Families with Dependent Children—Unemployed Father (AFDC-U) program and has codified its plan in article 4 of the Illinois Public Aid Code. Ill. Rev. Stat. 1977, ch. 23, pars. 4—1 through 4—1.3.

Pursuant to the 1968 amendments to 42 U.S.C. §607, the Secretary of Health, Education, and Welfare (HEW) promulgated a regulation which provides that the definition of an unemployed father by any participating State must include "* * * any father who: (i)s employed less than 100 hours a month * * * except that, at the option of the State, such definition need not include a father whose unemployment results from participation in a labor dispute or who is unemployed by reason of conduct or circumstances which result or would result in disqualification for unemployment compensation under the State's unemployment compensation law." 45 C.F.R. §233.100(a)(1) (1977).

The State of Illinois Department of Public Aid subsequently promulgated a definition of an unemployed father which includes the Federal requirement regarding any father who works less than 100 hours per month. That definition, however, specifically excludes any father who is not working due to a strike which is not sanctioned by union management, or which is prohibited by law, as well as *any father who is self-employed.* Ill. A.F.D.C. Manual, PO 440.4(a) (1977).

As noted previously, the plaintiff was denied AFDC-U assistance by the defendants solely because he was self-employed. On administrative review, the trial court concluded that the defendant could consistently, with the HEW regulation (45 C.F.R. §233.100(a)(1) (1977)), exclude all self-employed fathers from its definition of an unemployed father since self-employed individuals are ineligible for unemployment compensation in Illinois.

The plaintiff contends that the trial court erred since self-employment is not a disqualification under Illinois unemployment compensation law. In addition, the plaintiff argues that the exclusion of self-employed fathers is contrary to the intent of HEW and Congress and, thus, he maintains that the State's regulation is inconsistent with the supremacy clause of the United States Constitution.

Before discussing these issues, it should be noted that a recent case has discussed the validity of 45 C.F.R. §233.100(a)(1) (1977) and the

discussion in that case is of assistance in the resolution of this matter. (*Batterton v. Francis* (1977), 432 U.S. 416, 53 L. Ed. 2d 448, 97 S. Ct. 2399.) In *Batterton,* the plaintiffs were two families with dependent children who were ineligible for AFDC-U. One father had been discharged for misconduct (excessive absenteeism) and the other was out of work because of a strike. The plaintiffs brought suit against the Maryland State officials having responsibility for the administration of the public assistance grants in the State. After prolonged litigation, the case was decided in favor of the plaintiffs and affirmed in the court of appeals on the basis that the HEW regulation was invalid insofar as it authorized the State to deny AFDC-U benefits to fathers who had voluntarily quit their previous jobs.

In reversing this decision, the supreme court discussed the history of the AFDC-U provisions as well as the intent of those provisions. It was noted that the HEW regulation, as amended, expressly authorized some State discretion in defining unemployment. In addition, the court observed that the purpose of the amendment was to make explicit the HEW policy of allowing the State to exclude AFDC-U participants based on the particular reason that the father was out of work. In this regard, the court noted that State unemployment compensation programs generally confine their benefits to those who have become involuntarily unemployed and who are able and willing to accept suitable jobs. In commenting on this factor, the court stated:

> "By allowing the States to exclude persons who would be disqualified under the State's unemployment compensation law, the Secretary has incorporated a well-known and widely applied standard for 'unemployment.' Exclusion of individuals who are out of work *as a result of their own conduct and thus disqualified from state unemployment compensation is consistent with the goal of AFDC-UF, namely, to aid the families of the involuntarily unemployed."* (Emphasis added.) *Batterton,* 432 U.S. 416, 428-29, 53 L. Ed. 2d 448, 458-59, 97 S. Ct. 2399, 2401.

The court in *Batterton* concluded that the HEW regulation to the extent it allows the States to determine that persons disqualified under unemployment compensation laws are not "unemployed" was within the statutory authority delegated to the Secretary and was reasonable. In addition, the court noted that the power to "determine" unemployment remains with the States. Thus, the court further concluded that the power to proscribe "standards" gives the Secretary sufficient flexibility to recognize some local options in determining AFDC-U eligibility.

From the court's holding in *Batterton,* it is apparent that States may expand the definition of unemployment in their local regulations.

However, the State definition must not be so restrictive as to exclude from eligibility those individuals involuntarily unemployed. In the instant case, the plaintiff apparently met the requirements of being involuntarily unemployed since he stated in the supplement to his application for AFDC-U benefits that the cause for lack of support was "breakdown of truck—refrigerator and freezer quit." Thus, unlike the situation presented in *Batterton,* the record here reveals that the plaintiff was not voluntarily unemployed or out of work as the result of his own conduct. Even though the plaintiff was not eligible for unemployment compensation under Illinois law since he had been self-employed, this factor should not be the sole determining criteria in denying his family benefits under the AFDC-U program. In this regard one of the Federal statutes governing this program provides:

"(3) an individual shall be deemed * * * qualified for unemployment compensation under the State's unemployment compensation law if—

* * *

(B) he performed work not covered under such law and such work, if it had been covered, would (together with any covered work he performed) have made him eligible to receive such unemployment compensation upon filing application." 42 U.S.C. §607(d)(3)(B) (1976).

Thus, under the terms of this provision, the plaintiff in the case at bar was qualified for unemployment compensation for the purpose of determining his eligibility for AFDC-U benefits. Consequently, the trial court erred in denying the plaintiff assistance solely on the basis that the State regulation was consistent with the Federal regulations and did not violate the supremacy clause of the United States Constitution. In fact, the State's regulation results in an inequitable treatment of applicants since it excludes those individuals who are self-employed and involuntarily unemployed as well as those individuals who are self-employed and voluntarily unemployed. Accordingly, the State's regulation with regard to the self-employment provision is inconsistent with the Federal regulations and, thus, that portion of the State's regulation is invalid.

The AFDC-U program has as its purpose aid for families with dependent children deprived of parental support by reason of unemployment. State regulations that in effect say that a parent that was self-employed cannot ever be classed as unemployed for AFDC-U purposes are clearly contrary to the intended benefit program. A self-employed person can become unemployed. The attempted exclusion of any "self-employed" parent from participation is not permissible.

Since the record does not reveal the exact cause for the plaintiff's

unemployment other that the vague statement in the application, this cause must be remanded for a determination of whether the plaintiff is voluntarily or involuntarily unemployed. If he is voluntarily unemployed, no benefits should be granted. If he is involuntarily unemployed, he is eligible under the Federal regulations and, thus, assistance should be awarded.

Reversed and remanded with directions.

REARDON, P.J., and MILLS, J., concur.